| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| WAKE COUNTY | FILE NO: |

LUPING QU, )
)
      Plaintiff, )
)
v. )    COMPLAINT
)
NORTH CAROLINA STATE )
UNIVERSITY AT RALEIGH, )
a constituent institution of the )
University of North Carolina, )
a/k/a NORTH CAROLINA )
STATE UNIVERSITY, )
)
      Defendant. )

NOW COMES plaintiff LUPING QU ("Qu"), by and through counsel and complaining against defendant, NORTH CAROLINA STATE UNIVERSITY AT RALEIGH (collectively "Defendant"), a constituent institution of the University of North Carolina, pursuant to N.C. R. Civ. P. 8. To this end, Qu alleges and says as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Qu is a citizen and resident of Henderson County, North Carolina and, at all times relevant herein, has been entitled to the rights and protections conferred by *Title VII of the Civil Rights Act of 1964* ("Title VII"). Qu is an Asian male of Chinese national origin and descent.

2. Defendant is a constituent institution of the University of North Carolina that is organized and exists under N.C. Gen. Stat. § 116-4, *et seq.* As such,

Defendant is a state institution that is empowered to sue and be sued, pursuant to N.C. Gen. Stat. § 116-3. Defendant is located in Wake County, North Carolina and is also known as "North Carolina State University."

3. At all times relevant herein, Defendant, as a state institution, has been a "person" within the scope of Title VII under 42 U.S.C. § 2000e(a).

4. At all times relevant herein, Defendant has been an "employer" under Title VII because it has been a "person" engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, pursuant to 42 U.S.C. § 2000e(b).

5. At all times relevant herein, all supervisors, managers, and employees, as alleged herein, were acting within the courses of their employment during the asserted actions. Moreover, Defendant has authorized or ratified the actions of Defendant's supervisors, managers, and employees, as alleged herein.

6. Qu asserts his claim herein against Defendant, a state institution, pursuant to Title VII. In passing Title VII, Congress specifically abrogated states' sovereign immunity and rights under the Eleventh Amendment. As such, the affirmative defense of sovereign immunity is inapplicable to all claims asserted herein. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).

7. Wake County is the proper venue in this action pursuant to N.C. Gen. Stat. § 1-82 in that *inter alia* Defendant is a resident of this county.

2

## ADMINISTRATIVE REMEDIES

8. On March 3, 2023, within 180 days after having been subjected to the discriminatory employment practices as alleged herein, Qu filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") concerning Qu's claim of having been subjected to disparate treatment because of his race as an Asian and national origin of Chinese, as alleged herein. A true copy of the above-referenced charge of discrimination is attached hereto as Exhibit A and is incorporated herein by reference.

9. On June 25, 2024, the EEOC issued Qu a notice of right to sue regarding the above-referenced charge of discrimination. A true copy of the referenced notice of right to sue is attached hereto as Exhibit B and is incorporated herein by reference.

10. Within 90 days after having first received the above-referenced notice of right to sue, Qu filed this action in the North Carolina Superior Court, pursuant to 42 U.S.C. § 2000e-5.

11. As such, Qu has exhausted all administrative remedies and has satisfied all conditions precedent to filing this action under Title VII.

## GENERAL ALLEGATIONS

*Background*

12. In 1997, Qu earned a doctor of philosophy ("Ph.D") in plant breeding and genetics from Michigan State University. Qu has worked in the horticulture field for over 26 years and has a distinctive research background and publication history.

13. Prior to his employment by Defendant, Qu was employed as a horticulturalist with the United States Department of Agriculture.

14. Since July 1, 2013, Qu has been employed continuously by Defendant as a research specialist in its Department of Horticultural Science ("Department").

15. Within the Department, Defendant's research specialists are qualified for one of three tiers: contributing, journey, and advanced.

16. When he began his employment in 2013, Qu served as a research specialist (nonexempt) at the contributing level with a corresponding annual salary of $37,620. At the time, the annual salary range for the position was $35,363 to $79,521.

17. At all relevant times, Qu's position has been subject to the rights and protections contained in the *North Carolina State Human Resources Act*.

18. For his position, Qu's salary is supported approximately one-half from the State budget ("hard money") and approximately one-half from research funds ("soft money").

19. Throughout his employment, Qu has worked hard, both mentally and physically, and has excelled in his overall work performance.

20. Qu has worked on large research projects, developed research proposals to obtain research funding, conducted independent hop breeding, and developed elite hop selections to release as new hop varieties for North Carolina.

21. After learning about pay disparities, Qu began asking his supervisor for a promotion in 2019. Notwithstanding his numerous requests, Qu was continuously

4

told there was "no funding" purportedly available to support a promotion with a salary increase.

22. On October 19, 2022, Qu contacted Defendant's Horticulture Department Head Frank Louws to request additional funding for his position. Qu continued to follow up with Louws regarding the pending request for increased salary for the subsequent four months, but to no avail.

23. On February 10, 2023, Qu contacted the Defendant's Chancellor Randy Woodson and Provost Warwick Arden to request a promotion with salary increase. In response, Provost Arden forwarded Qu's message to John Dole, Interim Dean of Defendant's College of Agriculture and Life Sciences.

24. In his response dated February 16, 2023, Interim Dean Dole denied Qu's request by claiming to have "looked into the situation" and asserting erroneously that Qu's pay was already "equitable" without further explanation. Dole instead referred Qu to the department head to "see what options are available."

25. On February 25, 2023, Defendant's Horticulture Department Head Frank Louws responded to Qu's request for payment adjustment to alleviate the pay disparity.

26. In his response, Louws claimed that he was sensitive to the fact that many people do not get paid "according to the value of their work." Then he claimed that the College had provided him with feedback that Qu was allegedly paid "above market value" for his work. Louws then confirmed that he had been looking for means of sufficient funding to provide him with a promotion, but to no avail.

5

27. In reality, on information and belief, Defendant's managers were aware that funds generated only by Qu's hop breeding proposals had been more than enough to cover the "soft money" portion for providing Qu with a promotion along with a corresponding salary increase.

28. As of March 2023, Qu's salary was $48,695. The salaries of the other three research specialists within the Department were significantly higher than Qu's salary even though all three research specialists had substantially less seniority and experience than Qu. For example, on information and belief:

    a. Chris Heim ("Heim"), a white male, began as a research specialist in around 2019. As of March 2023, Heim's annual salary was $58,633.

    b. Russell Mierop ("Mierop"), a white male, began as a research specialist in around June 2019. As of March 2023, Meirop's annual salary was $57,039.

    c. Alisha Ray ("Ray"), a black female, began as a research specialist in around June 2022. As of March 2023, Ray's annual salary was $53,820. (collectively "comparators").

29. Despite Qu's outstanding job performance, Defendant never promoted Qu until April 1, 2023, nine years and eight months after Qu started his position and around four years after his requests.

30. Defendant's promotion on April 1, 2023 was issued to Qu <u>only</u> after he had filed discrimination charges with the EEOC against Defendant on March 3, 2023.

31. In its promotion of April 1, 2023, Defendant re-assigned Qu to journey level and raised his annual salary to $55,055.

32. In Qu's work group, Margaret Blomquist ("Blomquist"), a white female, was a research specialist before April 2019 (collectively "comparators").

33. Blomquist began employment with Defendant around the same time Qu began in 2013. On information and belief, Blomquist's salary is supported entirely from research funds, or "soft money."

34. Despite Defendant's denials of Qu's multiple requests for promotion and salary increase for purported "lack of funding," Defendant gave Blomquist promotions and salary increases in and after 2019, as follows:

   a. On April 1, 2019, Blomquist's annual salary was increased by $4,450; and

   b. On June 1, 2023, Blomquist's annual salary was increased by $18,000, with a current annual salary of $74,905.

35. At all times relevant herein, Defendant knew that the funding for supporting Blomquist's salary increases were derived from the research funds that Qu had generated or from the projects that Qu had worked on.

36. At all times relevant herein on information and belief, Defendant's pay differentials among Qu and the comparators, as alleged herein, were not based on any of the following: (1) a bona fide seniority or merit system; (2) a system which measures earnings by quantity or quality of production; (3) any professionally

7

developed ability test; or (4) any other reasons that would serve as a legal exception under Title VII.

## FIRST CLAIM FOR RELIEF
(Title VII-Disparate Treatment)

37. The foregoing allegations are hereby realleged and fully incorporated herein by reference as if fully set forth herein.

38. Under Title VII, an employer engages in an unlawful employment practice when it discriminates against any employee with respect to the employee's compensation, terms, conditions, or privileges of employment because of such employee's race or national origin; or if the employer seeks to limit, segregate, or classify an employee in any way that would deprive any individual of employment opportunities because of the individual's race or national origin.

39. At all times herein, Qu, both as an Asian and of Chinese national origin, has been a member of a protected class under Title VII.

40. At all times relevant herein, Qu has met Defendant's legitimate job expectations, as evidenced by Defendant's good work performance appraisals of Qu, and otherwise.

41. At all times relevant herein on information and belief, Defendant employed the comparators, Heim, Mierop, Ray, and Blomquist, contemporaneously with Qu and assigned each of the comparators to the same or similar job positions with the same or substantially similar job duties as Qu.

42. Notwithstanding the substantially similar job duties among the comparators, all of whom were outside of the protected class, Defendant paid Qu

substantially less remuneration than what it paid each of the comparators, who had significantly less experience and seniority than Qu.

43. On information and belief, Defendant wrongfully and intentionally discriminated against Qu because of his race as an Asian and/or national origin as a native of China for each monthly paycheck that it paid Qu from at least March 3, 2020 to March 3, 2023, when Qu filed the charge of discrimination.

44. Alternatively, Qu's race as an Asian and/or national origin as a native of China were motivating factors for the pay disparity between Qu and the comparators from at least March 3, 2020 to March 3, 2023.

45. As such, Defendant discriminated against Qu because of his race and/or national origin with each monthly paycheck that it tendered to Qu from at least March 3, 2020 to March 3, 2023 in violation of *Title VII of the Civil Rights Act of 1964,* as amended and codified in 24 USC 2000e, *et seq.*

46. As a direct and proximate result of Defendant's acts of discrimination against Qu because of his race and/or national origin, as alleged herein, Qu has incurred harms, losses, and damages in an amount to determined at trial, but in excess of $25,000.

## DEMAND FOR JURY TRIAL

Pursuant to N.C. R. Civ. P. 38 and 42 U.S.C. § 1981(c), Qu hereby demands a trial by jury for all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Qu prays unto the Court as follows:

1. That the Court grant Qu injunctive relief requiring Defendant: (a) to remit all back pay and benefits to Qu for at least three years prior to the filing of the charge to date of judgment; (b) promote and/or increase Qu's annual salary to an amount commensurate with that in which Defendant pays other employees within substantially same positions and experience; and (c) that Defendant be enjoined from any further acts of discrimination or retaliation against Qu, pursuant to 42 U.S.C. § 2000e-5(g);

2. That Qu receive judgment against Defendant in an amount to be determined at trial, but in excess of $25,000 for all compensatory damages, including without limitation, that for pecuniary and nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and any other applicable damages under 42 U.S.C. § 1981a(b), plus interest;

3. That Qu recover from Defendant all pre-judgment and post-judgment interest and court costs, including without limitation expert witness fees, deposition costs, and attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k) and as otherwise permitted by law;

4. That Qu receive a trial by jury on all matters so triable; and

5. That the Court grant Qu such other and further relief as the Court deems just and proper.

This the 20th day of September, 2024.

         BAILEY & DIXON, LLP

By: _____
         J. Heydt Philbeck (NCSB# 19379)
         Ashley Stocum (NCSB# 61868)
         434 Fayetteville Street, Suite 2500
         Raleigh, North Carolina 27601
         Telephone: (919) 828-0731
         Emails: hphilbeck@bdixon.com
             astocum@bdixon.com

         *Attorneys for Plaintiff Luping Qu*

11

Case 5:24-cv-00620-D-RN  Document 1-4  Filed 11/01/24  Page 11 of 15

EEOC Form 5 (11/09)



| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC | Agency(ies) Charge No(s):<br><br>430-2023-01620 |

_____ and EEOC
*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Mr. Luping Qu | Home Phone<br>828-243-8233 | Year of Birth |
|---|---|---|

Street Address
13 Spring Lake Dr.
MILLS RIVER, NC 28759

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>North Carolina State University | No. Employees, Members<br>201 - 500 Employees | Phone No.<br>(919) 515-2135 |
|---|---|---|

Street Address
2711 Sullivan Dr Administrative Services Building II, 2nd Floor
RALEIGH, NC 27695

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                City, State and ZIP Code

| DISCRIMINATION BASED ON<br><br>National Origin, Race | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 10/29/2022    Latest: 02/10/2023 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. On July 01, 2013, I was hired by the Respondent as a Research Specialist. I have a stellar, ten-year performance record, and since 2017 I have been performing at a level well above my current pay rate. Despite all that I have accomplished while employed with the Respondent, I have never been promoted (I should be according to the state policy) and continued to be discriminated against.

II. Between October 2022 - February 2023, I made several attempts to address and resolve my promotion and pay disparities with the Respondent. During that time, I was able to identify 3 Caucasian peers (work in the same position) that are paid significantly more than me. My supervisor has openly admitted that I should be promoted and paid more. A lack of Department fund in a major, nationally recognized university has become the most common go-to excuse that I continue to be told.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Luping Qu**<br>03/03/2023<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC | Agency(ies) Charge No(s):<br>430-2023-01620 |
|---|---|---|
| *State or local Agency, if any* | | and EEOC |

III. I believe I have been discriminated against based on my race (Asian) and National Origin, (Chinese), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Luping Qu**<br>03/03/2023<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Page 2 of 3



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(984) 275-4800
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B) Issued On: 06/25/2024

**To:** Mr. Luping Qu
13 Spring Lake Dr.
MILLS RIVER, NC 28759

Charge No: 430-2023-01620

EEOC Representative and email:  REBEKAH LOPEZ
Investigator
rebekah.lopez@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 430-2023-01620.

On behalf of the Commission,

Stephen Karanja
Digitally signed by Stephen Karanja
Date: 2024.06.25 10:04:42 -04'00'

For/Johnnie Barrett
Area Office Director

Cc:
Sarah Lannom
NC State University
Campus Box 7008
Raleigh, NC 27695

Please retain this notice for your records.